PER CURIAM.
Appellant, the City of Oviedo, challenges the Public Service Commission’s (PSC) decision to expand the wastewater service territory of appellee, Alafaya Utilities, Inc. We affirm the order of the Public Service Commission and address only Oviedo’s argument concerning the PSC’s application of section 367.045(5)(b), Florida Statutes (1995).
Oviedo is a rapidly growing community located in Seminole County. Through its own facilities, Oviedo provides water service and some wastewater service. Alafaya is a privately held utility that provides wastewa-ter service to approximately 4,500 customers served by Oviedo’s water service. In the proceedings before the PSC, Alafaya sought an amendment of its wastewater certificate to add additional contiguous territory in Seminole County. Oviedo objected based upon several factors, including its contention that Alafaya’s application violated Oviedo’s adopted comprehensive plan. The PSC entered a detailed order, ultimately granting the amendment to Alafaya’s service area.
Through its expert witness, Oviedo argued that the proposed amendment was inconsistent with the City’s lawfully adopted comprehensive plan. According to the final order, the stated overall goal of the wastewater element of Oviedo’s comprehensive plan is: “to provide cost effective environmentally acceptable wastewater treatment facilities to serve the existing and future development of the City.” Oviedo produced testimony indicating that its comprehensive plan embodied a strong city policy of controlling central sewer service within the City, as well as other goals suggesting that the comprehensive plan would favor Oviedo as the provider of wastewater services. Alafaya countered this argument by asserting that the proposed amendment to the service area did not conflict with the City’s comprehensive plan. After hearing the evidence, the PSC agreed that Oviedo had demonstrated that the comprehensive plan favored the city as the provider of central wastewater service within the city limits. The PSC thus concluded that Alafaya’s proposed territory amendment would be inconsistent with this particular aspect of the wastewater element of the comprehensive plan. Nevertheless, the PSC determined that the goals of the comprehensive plan “can be achieved regardless of which entity provides the central wastewater service.” Although the PSC found the proposed amendment to be inconsistent'with the comprehensive plan with regard to the ownership aspect, it concluded that the amendment would meet the other goals of the wastewater element of the plan. The PSC’s approach evaluated Alafaya’s proposed amendment “in light of the overall goal of the comprehensive plan as it relates to wastewater service, not with any specific objective or policy within the plan.” In this appeal, Oviedo challenges the PSC’s application of section 367.045(5)(b), Florida Statutes (1995), which provides:
When granting or amending a certificate of authorization, the commission need not consider whether the issuance or amendment of the certificate of authorization is inconsistent with the local comprehensive plan of a county or municipality unless a timely objection to the notice required by this section has been made by an appropriate motion or application. If such an ob *318 jection has been timely made, the commission shall consider, but is not bound by, the local comprehensive plan of the county or municipality.
Oviedo argues that the PSC’s method unfairly raises the interest of investor-owned utilities such as Alafaya over the planning efforts of local governments. Oviedo argues further that the PSC should have applied a standard of review under section 367.045(5)(b) that would give deference to a validly approved comprehensive plan unless the PSC articulates some important and countervailing public policy rationale for allowing an amendment inconsistent with the plan.
We hold that the PSC correctly applied the requirements of section 367.045(5)(b). The plain language of the statute only requires the PSC to consider the comprehensive plan. The PSC is expressly granted discretion in the decision of whether to defer to the plan. The order before us plainly demonstrates that the PSC considered Oviedo’s comprehensive plan. As Alafaya points out, five pages of the order are devoted entirely to the comprehensive plan issue. The Legislature could have required the PSC to defer to a properly adopted comprehensive plan but did not do so. In the face of a clear and unambiguous statute, we will not read in additional meaning or requirements.
AFFIRMED.
ERVIN, KAHN and BENTON, JJ., concur.